# Richmond.

MOROTOCK INSURANCE COMPANY v. PANKEY AND ANOTHER.

MARCH 28, 1895.

1. MOTION TO RECOVER MONEY—*Demurrer.*—On a motion for judgment for money under section 3211 of the Code, the notice takes the place of both the writ and the declaration, and a demurrer to the notice only raises the question whether there is matter in the notice sufficient to maintain the action.   *Henderson* v. *Stringer,* 6 Gratt. 133, approved.

2. MOTION TO RECOVER MONEY ON FIRE INSURANCE POLICY—*Venue.*—A motion may be maintained, under section 3211 of the Code, against a fire insurance company, in the county in which the property insured and which was destroyed by fire was situated.   An action might be maintained in such county, under section 3214 of the Code, and it is not "otherwise specially provided" by section 3251.   The latter section does not confer jurisdiction, but simply declares what is and what is not necessary to be set forth in a declaration in an action on a policy of insurance.

3. MOTION TO RECOVER MONEY—*Pleading.*—On a motion for a judgment under section 3211 of the Code, after the defendant has appeared and pleaded to the action, he cannot move to dismiss.   *Harvey* v. *Skipwith,* 16 Gratt. 414; section 3260 of the Code.

4. INSTRUCTIONS—*Estoppel.*—It is not error to refuse to give instructions offered, where those given by the court clearly and plainly announce the law.   And, in a motion on a policy of insurance to recover for the loss of property destroyed by fire, it is not error to so instruct the jury as to permit them to take into consideration all the dealings of the parties, the knowledge of the insurer of the character of the property and and its use, both at the time of the issuance of the policy and afterwards, so as to enable them to determine whether or not the insurer became estopped from setting up the breach of the contract relied on as a defense.

5. FIRE INSURANCE—*Waiver of Conditions and Forfeitures—Estoppel.*—Conditions inserted in policies of fire insurance for the benefit of insurers

may be waived by them, and so may forfeitures incurred, and such waiver may be in writing, or by parol, or by the acts, declarations, or course of dealing by the insurer with the knowledge of the facts constituting the breach, and when so waived the insurer will be estopped from setting up such conditions or forfeitures as defence, when sued for subsequent loss. *Georgia Home Ins. Co.* v. *Kinnier's Adm'r,* 28 Gratt. 88, approved.

6. FIRE INSURANCE—*Agent's Knowledge—Estoppel.*—Where an agent of a fire insurance company, who is clothed with the usual authority conferred on such agents, has full knowledge of facts and circumstances concerning the ownership and occupancy of property which would avoid the policy, and, notwithstanding such knowledge, issues a policy insuring the owner against loss or destruction of the property by fire, the company will be estopped, in an action on the policy to recover for the destruction of the property by fire, from setting up as a defence a condition of the policy which avoids the same on account of such facts and circumstances.

Error to a judgment of the Circuit Court of Rockingham county, rendered January 29, 1894, in a proceeding by motion, on a fire insurance policy, wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Affirmed.*

The policy in suit was issued by the plaintiff in error August 3, 1892, to George E. Sipe, General Receiver of the Circuit Court of Rockingham county. The policy was for the period of one year, and covered certain real and personal property known as the Harrisonburg Ice Manufactory.

A suit was then pending in the Circuit Court of Rockingham county for the sale of the property, and it was sold under a decree made in that suit, by commissioners appointed for the purpose, on the 18th day of February, 1893, at which sale the defendants in error became the purchasers; and on the same day the policy in suit was assigned to the defendants in error by George E. Sipe, receiver, with the consent of the plaintiff in error endorsed thereon.

Subsequently, and before the confirmation of the sale, to-wit : March 7, 1893, the property was destroyed by fire. The sale was regularly confirmed at the ensuing April term, 1893, of the Circuit Court of Rockingham county.

After the other evidence set forth in the opinion of the court had been introduced on the trial of the case, the plaintiff in error asked for sundry instructions, to the 3d, 4th and 5th of which the defendants in error objected, and the court sustained said objections, and refused to give the 5th instruction, and gave in lieu thereof an instruction of its own, and modified the 3d and 4th instructions, as indicated by the italics in the instructions here inserted :

"3. That, if the jury believe from the evidence that the subject of insurance covered by the policy sued on was a manufacturing establishment and ceased to be operated for more than ten consecutive days, or the hazard increased by any means within the control or knowledge of the insured without the provision and condition in said policy having been waived by endorsement thereon or attached thereto, the policy was void and the jury must find for the defendant ; *unless they further believe from the evidence that the character and use of the property insured was known to the insurer, and that, in view of the known use and character of manufacturing business conducted on the premises as an ice manufactory, continuous operation was not contemplated by the insurer and the insured, during a portion of the time covered by the policy.*"

"4. The jury are instructed that, if they believe from the evidence that the building described in the policy sued on became vacant or unoccupied, and for ten days prior to its destruction by fire, and was so vacant and unoccupied at the time of the fire, without written consent of the company having been first obtained (and endorsed in writing on the policy or attached thereto), then said policy became and was void, and the jury must find for the defendant ; *unless they further*

*believe from the evidence that the character and use of the property was known to the insurer, and that in view of the known use and character of manufacturing business conducted upon the premises as an ice manufactory, continuous personal occupancy was not practicable, nor contemplated by the insured and insurer during a portion of the time covered by the policy.*"

The words embraced in parenthesis in the 4th instruction above are in the instruction offered by the plaintiff in error, but are not in the instruction given by the court.

The 5th instruction offered by the plaintiff in error was in the following words, to-wit :

"The jury are instructed that if they believe from the evidence that the interest of the assured in the property insured was any other than unconditional and sole ownership, they shall find for the defendants."

The substitute given by the court was in the following words and figures, to-wit :

"5. The jury are instructed that the provision in the contract of insurance in suit vitiating the contract if the interest .of the insured in the property be other than unconditional and sole ownership is valid and binding, but if they further believe from the evidence that at the time of the issuance of the policy in suit that George E. Sipe, General Receiver of the Circuit Court of Rockingham county, Virginia, as the owner of the debt of $3,000, secured by a deed of trust upon the insured premises had an insurable interest in said property, and that, at the time of the transfer of said policy to the plaintiffs in this suit, they had become the purchasers, at a judicial sale of the insured premises (which sale was afterwards approved and confirmed by said court), and that the insurer had knowledge of the character of the plaintiffs' title at the time of said transfer, the jury are further instructed that the plaintiffs are not debarred from recovery by the provision of the contract aforesaid."

The other facts sufficiently appear in the opinion of the court.

*Conrad & Conrad,* for the plaintiff in error.

*Sipe & Harris,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

This is a *supersedeas,* allowed by one of the judges of this court, to a judgment of the Circuit Court of Rockingham county, on behalf of H. C. Pankey and D. T. Click, defendants in error, against the plaintiff in error, the Morotock (Fire) Insurance Company, of Danville, Va., a Virginia corporation.

The proceeding was on motion under section 3211 of the Code of Virginia, on a policy issued by the plaintiff in error, insuring George E. Sipe, general receiver of the Circuit Court of Rockingham county in a certain cause pending therein, afterwards assigned, as we shall see, by the consent of the company, to the defendant in error ; and the notice upon which the proceeding is brought is as follows :

To the Morotock Insurance Company of Danville, Virginia (a Corporation) : Take notice, that on Tuesday, the 10th day of October, 1893, being the first day of the Circuit Court of Rockingham county, Virginia, we will move the said court for judgment against you for the sum of twelve hundred and fifty dollars ($1,250), with interest thereon from the 15th day of March, 1893, that sum being the amount we are entitled to recover by virtue of a certain contract of insurance made by you on the 3d day of August, 1892, through W. L. Dechert, your agent at Harrisonburg, Va., which contract is policy No. 5,503 in your said company, and was issued by said agent to George E. Sipe, general receiver Circuit Court of

Rockingham county, and his interest therein was by him, on the 18th day of February, 1893, duly assigned to the undersigned, with your consent and approval ; which said contract insured the said George E. Sipe, general receiver, etc., for the term of one year from the 3d day of August, 1892, at noon, to the 3d day of August, 1893, at noon, against all direct loss or damage by fire to an amount not exceeding said $1,250 upon the following described property, to-wit : $250 on the part one and part three-story frame and shingle roof building, used as an ice manufactory, and situate at the north end of Harrisonburg, Virginia ; $1,000 on the tanks, pipes, engine, boiler, and other machinery and implements for the manufacture of artificial ice, while contained in the above-described building—which property was on the 7th day of March, 1893, destroyed by fire, of which loss due proof was given you on the said 15th day of March, 1893. H. C. Pankey & D. T. Click, by counsel. Sipe & Harris, p. q.

Upon calling the case, October 14, 1893, the defendant company not appearing, the Circuit Court entered its judgment in favor of the plaintiffs, and against the defendant, for the sum of $1,250, with interest thereon from the 15th day of March, 1893, till paid, and the costs of this motion.

On another day of the same term the following order was entered : "This day came as well the plaintiffs as the defendant by counsel, and, for reasons appearing to the court, the judgment entered in this cause at a former day of this term is set aside. And thereupon the defendant pleaded *nil debet*, to which the plaintiffs replied generally, and the cause is continued."

The defendant on that day filing, with its plea of *nil debet*, a statement of the grounds of its defense, as provided by section 3249 of the Code, then at the same term, and on October 28th, the parties by counsel again appearing in court, the order of continuance entered at a former day of the term was set

aside ; whereupon the defendant, by counsel, demurred to the plaintiffs' notice, and moved to dismiss the action, upon the grounds, first, that the notice was not sufficient under the law; second, that it had not been served as required by law; and third, that the plaintiffs had no right to maintain their action in the way and manner pursued in this action. But the court overruled the demurrer and motion to dismiss, and permitted the plaintiffs to proceed, and required the defendant to go to trial on the notice, which resulted in a verdict by the jury for the plaintiffs in the sum of $1,250, with interest thereon from the 17th day of May, 1893, till paid.

At the trial the defendant company set up, as its defense to the action, the breach of certain conditions set out in the policy, among the number and those relied on the following: "If the subject of insurance be a manufacturing establishment, and it be operated in whole or in part later than 10 o'clock, or if it cease to be operated for more than ten consecutive days, or if the interest of the insured be other than unconditional and sole ownership, or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days, * * * then this policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void."

By indorsement on the policy, or. attached thereto, and signed by W. L. Dechert, the agent of the company through whom the policy was issued, the clauses, as to additional insurance and against the operation of the factory at night or the use of electric light are waived, and the assignment by George E. Sipe, receiver, etc., to H. C. Pankey and D. T. Click, of the policy assented to, as set out in the notice; so that the only questions remaining to be determined at the trial were whether plaintiffs had an insurable interest in the property, or whether the clause in the policy which provided that, if the ice factory ceased to be operated for more than

ten consecutive days, then the policy should be void, had been waived. The exceptions by the defendant company to the rulings of the trial court are embodied in three bills of exception, duly certified by the court, and we will consider them in their order.

1. This is an exception to the overruling of the demurrer and the motion to dismiss. The notice in this proceeding takes the place of both the writ and the declaration, and the demurrer, therefore, only raised the question as to whether or not there was matter in the notice sufficient to maintain the action. *Henderson* v. *Stringer*, 6 Gratt. 133. We are of opinion that the notice does set out sufficient matter to maintain the action, and that there was no error in overruling the demurrer.

As to the motion to dismiss: The motion was made on the ground that a proceeding by notice under section 3211 of the Code does not apply to insurance policies. This section provides that "any person entitled to recover money by action on any contract, may, on motion before any court which would have jurisdiction in an action, otherwise than under section 3215, obtain judgment after fifteen days notice." And the contention here is that this proceeding comes under the exception in this statute; that is, that the court did not have jurisdiction, otherwise than under section 3215. But it seems clear to us that the Circuit Court of Rockingham had jurisdiction of the action under section 3214, which provides that "any action at law, or suit in equity, except where it is otherwise provided, may be brought in any county or corporation, * * * if it be to recover a loss under a policy of insurance, either upon property or life, wherein the property insured was situated, or the person whose life was insured, resided, at the date of the policy." It is further contended, however, that this action comes under the exception mentioned in section 3214; that is, that it is "otherwise specially provided" by

section 3251 of the Code.    This contention is also untenable, because section 3251 only provides that where an action is brought on a policy of insurance, the plaintiff need not set forth in the declaration all of the conditions and provisos contained in the policy, nor allege observance thereof or compliance therewith in particulars, etc., and does not give jurisdiction to the courts in such actions, but only defines what is and what is not necessary to be set forth, in the declaration in an action on a policy of insurance.    But upon another ground the motion to dismiss was properly overruled.    As we have seen, judgment by default had been rendered by the court, and, when set aside, the defendant appeared and pleaded to the motion, and it was therefore too late for it afterwards to say that it had not been regularly brought into court.    *Harvey* v. *Skipwith*, 16 Gratt. 414; also, section 3260 of the Code.

2. This is an exception to the ruling of the Circuit Court in refusing to give six instructions to the jury, as asked for by the defendant company, and in giving in lieu thereof the six instructions with the third, fourth, and fifth modified.    It is unnecessary to comment on the merits or demerits of the six instructions asked for by the defendant, for the reason that the instructions as given by the court clearly and fairly lay down the law applicable to the case.    Instructions three and four, as asked for, instructed the jury that if the subject covered by the policy sued on was a manufacturing establishment, and ceased to be operative or became vacant or unoccupied for ten consecutive days prior to the fire, and was so vacant and unoccupied at the time of the fire, then the policy became and was void, and that they must find for the defendant; while the modification, as made by the court, was, unless they further believe from the evidence that the character and use of the property was known to the insurer, and that in view of the known use and character of the manufacturing

business conducted on the premises, as an ice manufactory, continuous operation or continuous personal occupancy was not practicable, nor contemplated by the insured and insurer, during a portion of the time covered by the policy. The fifth instruction, as asked for, instructed the jury that, if they believed from the evidence that the interest of the assured in the property insured was any other than unconditional and sole ownership, they should find for the defendant, to which the court added: "But if they further believe from the evidence that at the time of the issuance of the policy in suit, that George E. Sipe, General Receiver for the Circuit Court of Rockingham county, as the owner of the debt of $3,000, secured by a deed of trust upon the insured premises, had an insurable interest in the property, and that at the time of the transfer of said policy to the plaintiffs in this suit they had become the purchasers at a judicial sale of the insured premises (which sale was afterwards confirmed by said court), and that the insured had knowledge of the character of the plaintiffs' title at the time of said transfer, the jury are further instructed that the plaintiffs are not debarred by the provision of the contract aforesaid." The modifications inserted by the court in the instructions permitted the jury to take into consideration all of the dealings of the parties, the knowledge of the insurer of the character of the property and its use, both at the time of the issuance of the policy and after, and especially at the time when the policy was assigned to Pankey & Click, and then to determine whether or not the insurer became estopped from setting up the breach of the condition relied on as a defense. This was eminently proper, and in accordance with the very right of the case.

The decisions of the courts of other States upon the question of waiver of the conditions of an insurance policy are too numerous for citation, if not irreconcilable; but it is laid down as the law of this State in the able opinion of Judge Burks, speak-

ing for the court, in *Georgia Home Insurance Co.* v. *Kinnier's Adm'x*, 28 Gratt. 88, and never since questioned by this court, that a condition in a policy of fire insurance, that if the risk be increased by a change of occupancy or other means within the control of the assured, without the consent of the insurers, "the policy shall be void," being inserted for the benefit of the insurers, they may dispense with a compliance therewith, or waive a forfeiture of the policy incurred by a breach thereof, and thereby become estopped from setting up such condition as a breach in an action for a loss subsequently occuring; "and such waiver need not be in writing, but may be by parol." "Any acts, declarations, or course of dealing by the insurers, with knowledge of the facts constituting a breach of a condition in the policy, recognizing and treating the policy as still in force, and leading the assured to regard himself as still protected thereby, will amount to a waiver of the forfeiture by reason of such breach, and estop the company from setting up same as a defense when sued for a subsequent loss;" and, further, that such waiver need not be founded on any new consideration.

The evidence in the case at bar clearly showed—in fact it is not controverted—that Dechert, the local agent of the plaintiff in error at Harrisonburg, clothed with the usual authority conferred upon agents of an insurance company, and who issued the policy of insurance to George E. Sipe, receiver, knew what the interest of the assured was in the property covered by the policy; that he was well acquainted with the property; that he was on the premises a few days before the policy was issued; that the ice factory was on the day he was there not in operation; that it was not susceptible of occupancy as a dwelling; that it was never operated in the winter; and that it was not in operation when the assignment of the policy was made from Sipe, receiver, to Pankey & Click. Dechert himself, who was introduced as a witness

for the assured, testified to the above facts; and, further, that the ice factory was in operation about a month after the policy was written, he thought, but not after that; that he used the policies of the plaintiff in error mainly on special hazards, and where good companies declined to write; that he did not make any indorsement of waiver as to ceasing to operate on the policy; that nothing was said about such an indorsement, and he did not think it necessary from the nature of the business of an ice factory, and that he knew they were not operated in towns during the winter months; that he was at the sale when Pankey & Click purchased the property, and, when told by Pankey that he wanted it insured he (Dechert) then got the two policies which had formerly been issued to Sipe, and transferred them to the purchasers on the day of sale.

The evidence further shows that Dechert, the agent, was asked by Pankey at the time whether the policies he had assigned to Pankey & Click were as good as new ones; and that he replied that they were as good as new policies, and the money would be paid just as soon if there was a fire; and that on the same day Dechert issued another policy on this same property for an additional insurance of $1,000, making a total insurance of $4,000 on the property, shown to have cost from $10,000 to $11,000, all of which was promptly paid up, except the amount of the policy here sued on.

This evidence, we think, clearly shows that the plaintiff in error was liable to Pankey & Click, defendants in error, on the policy sued on, and there being no question that there was a total loss by the fire of March 7, 1893, the insurer was liable for the full amount of the policy, $1,250, and the verdict of the jury was therefore in accordance with the law and the evidence; and, having taken this view, it is useless for us to notice the third and last bill of exception taken by the plaintiff in error, which is an exception to the ruling of the

Circuit Court of Rockingham county in refusing to set aside the verdict of the jury and grant a new trial; especially is it unnecessary to review this exception, as this case does not in any respect come within the rules laid down as governing in granting new trials, and so often sanctioned by this court. *Grayson's Case*, 6 Gratt. 712, and cases following it.

We are therefore of opinion that there is no error in any of the rulings of the Circuit Court, and the final judgment rendered in the case at the trial thereof must be affirmed.

AFFIRMED.