## ARCHER v. JOHNSON.

No. 12097—Opinion Filed Feb. 1, 1927.

(Syllabus.)

**Garnishment—Exemption of Wages—Nonliability of Creditor to Forfeit Claim.**

Where it is made to appear from the record that a creditor in good faith believes that a debtor is a nonresident of the state of Oklahoma and the debtor also represents to the creditor that an indebtedness due the debtor is not exempt from garnishment, and such creditor thereafter sues out a writ of garnishment in order to subject such indebtedness to the payment of the creditor's claim, and it is thereafter made to appear that said indebtedness is exempt from garnishment as current wages, such debtor is not entitled to a judgment canceling the plaintiff's claim, merely because the writ of garnishment sought to garnish a greater amount than 25 per cent. of the indebtedness due the debtor from the garnishee.

Error from County Court, Cleveland County; George Allen, Judge.

Action by H. W. Archer against J. F. Johnson, in which the National Oil Company was garnished. From a judgment discharging the garnishment and canceling the indebtedness due from defendant to plaintiff, plaintiff appeals. Affirmed as to discharge of garnishment, and reversed as to cancellation of defendant's indebtedness and dismissal of plaintiff's cause of action.

W. H. Woods, Turk & Mauldin, and M. S. Robertson, for plaintiff in error.

Williams & Luttrell, for defendant in error.

LESTER, J. The parties to this action will be referred to as they appeared in the county court.

The plaintiff brought an action in the county court of Cleveland county, Okla., to recover judgment on a promissory note, and he thereafter secured service of garnishment for moneys alleged to be in the hands of the National Oil Company, belonging to the defendant.

The National Oil Company filed its answer in which it admitted that it was indebted to the defendant in the sum of $300. The defendant filed a motion to discharge the said writ of garnishment for the reason that the said indebtedness was due defendant on account of work and labor performed for said garnishee and within 90 days preceding the issuance of said garnishment summons. The defendant in said motion also prayed for the cancellation of the plaintiff's debt for the reason that the plaintiff had service of process issued in said cause which sought to subject more than 25 per cent. of the amount due defendant as wages.

A hearing was had upon the said motion to dissolve the garnishment. The court rendered its judgment in which it discharged the writ of garnishment theretofore secured against the indebtedness due the defendant from the National Oil Company, and the court in its judgment also decreed the cancellation of all indebtedness due plaintiff from the defendant.

We have carefully examined the briefs of the parties to this action, as well as the record in the case, and we think that the court was justified in discharging the writ of garnishment and releasing the indebtedness due the defendant from the National Oil Company.

It is earnestly contended by the plaintiff that the court committed error in canceling the indebtedness due the plaintiff from the defendant. In our judgment the evidence clearly shows that the plaintiff acted in utmost good faith and believed at the time of the issuance of the garnishment summons that the defendant was a nonresident of the state of Oklahoma, and it is further shown, and not entirely denied by the defendant, that the defendant informed the plaintiff that whatever money was due defendant from the National Oil Company had been earned by the defendant long prior to 90 days before the issuance of the garnishment summons in said cause, and we do not believe from the evidence in this case that the court was justified in rendering a judgment canceling the whole of plaintiff's indebtedness against the defendant, as, in our judgment, we do not believe the law intends to penalize a creditor where he acts with caution and in good faith in attempting to subject indebtedness due the defendant from another person, believing at the time that such indebtedness was not exempt from such service and seizure.

In this case it is clearly shown that the plaintiff did act in good faith and had no cause or reason to believe that the indebtedness due the defendant from the garnishee was exempt. We, therefore, affirm the judgment of the court in discharging the writ of garnishment issued in said cause and re-

vérse the judgment of said court in canceling and forfeiting to the defendant the indebtedness due plaintiff and dismissing plaintiff's cause of action.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 28 C. J. p. 544, §676a (Anno); 12 R. C. L. p. 801.