## EMERSON v. EMERSON.

No. 18049.   Opinion Filed April 3, 1928.

(Syllabus.)

1. Exemptions—Statutory Exemption of 75 Per Cent. of Current Wages or Earnings for Personal or Professional Services—Forfeiture of Debt by Issuance of Process to Subject to Payment More Than 25 Per Cent.

Under section 6596, C. O. S. 1921, no process issued in any court to subject current wages or earnings for personal or professional services shall include more than 25 per cent. thereof, and anyone violating said provisions, either personally or by agent, shall forfeit the entire debt and no court in this state shall have jurisdiction to enforce the same.

2. Same—Meaning of "Process."

The word "process," as used in statutes, varies according to the context, subject-matter, and spirit of the statute in which it occurs.  Generally, it means the writ, notice, or other formal writing issued by authority of law, for the purpose of bringing the defendant into a court of law to answer plaintiff's demand in a civil action, although in a more enlarged signification the term is frequently applied to all the proceedings of any court.

3. Same—Debt not Forfeited by Failure of Garnishment Affidavit to Specifically Exempt 75 Per Cent. of Wages Where Summons Seeks but 25 Per Cent.

Where the garnishment summons seeks to recover but 25 per cent. of current wages, the failure of the affidavit for garnishment to specifically exempt 75 per cent. of such wages is not sufficient to forfeit the entire debt or obligation sought to be satisfied, as authorized by section 6596, O. O. S. 1921, for the reason that said affidavit is not process, as referred to in said section.

Error from Common Pleas Court, Tulsa County; Font L. Allen, Judge.

Action by Jessie M. Emerson against Dolphe E. Emerson.  Judgment for defendant, and plaintiff appeals.  Reversed.

John M. Holliman, W. E. Hudson, and T. A. Aggas, for plaintiff in error.

E. M. Connor, for defendant in error.

MASON, V. C. J.     The plaintiff in error, Jessie M. Emerson, secured a judgment in the common pleas court of Tulsa county on the 17th day of November, 1925, against Dolphe E. Emerson for the sum of $740 and interest, due her by reason of a judgment for support money for the minor child of the parties, theretofore rendered in the state of Missouri.  Thereafter, at various times, the plaintiff in error caused to be issued out of said court writs of garnishment in aid of execution against the defendant in error and the Mid-Continent Petroleum Corporation, the employer of the defendant in error.  On June 15, 1926, plaintiff in error filed another such affidavit for garnishment after judgment directed to said defendant in error and the employer, as aforesaid.

Affiant states in said affidavit that she believes that the Mid-Continent Petroleum Corporation is indebted to said defendant and has in its possession, or under its control, property, real or personal, belonging to said judgment debtor, Dolphe E. Emerson, which indebtedness or property is not, by law, exempt from seizure or sale upon execution, but said affidavit does not specifically exempt 75 per cent. of the personal wages belonging to the defendant.

Pursuant to said affidavit, the clerk of said court issued a garnishment summons directed to said parties, which was duly served. Said summons specifically provided that, "plaintiff seeks to recover but 25 per cent. of current wages."   The Mid-Continent Petroleum Corporation filed answer admitting that they were indebted to the defendant in the sum of $83.20 for personal services rendered during the last 90 days, of which amount 75 per cent. was exempt from garnishment under the laws of this state and that said company was holding 25 per cent. of said amount, or $20.80, subject to the further order of the court.

The defendant in error filed motion to cancel and satisfy said judgment on the grounds that said affidavit "sought to include more than 25 per cent. of defendant's wages and personal earnings."   Thereafter, on June 23, 1926, the court sustained the motion of the defendant to cancel and satisfy said judgment and to discharge the garnishee.  Plaintiff in error then asked the court for leave to amend the affidavit for garnishment, which request was refused by the trial court.

The plaintiff has duly perfected her appeal and for reversal of said judgment contends that the trial court erred in refusing to permit her to amend her affidavit in garnishment and erred in sustaining the motion of defendant in error to cancel and satisfy said judgment.

The judgment of the trial court seems to have been based upon section 6596, C. O. S. 1921, and the failure of the garnishment affidavit to specifically exempt 75 per cent. of the personal wages of the defendant.  Said section provides as follows:

"Per Cent. of Wages Exempt.   That the

sixteenth clause of section 3342 of chapter 34, defining the exemptions of householders, of Revised Laws of Oklahoma, 1910, Annotated, be amended to read: 'Seventy-five per cent. of all current wages or earnings for personal or professional services earned during the last ninety days,' and that the fifth clause of section 3345 of chapter 34 of Revised Laws of Oklahoma, 1910, Annotated, defining the exemptions of persons not heads of families, be amended to read: 'Seventy-five per cent. of all current wages or earnings for personal or professional services.' Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include more than 25 per cent. of such wages, or personal earnings, and any person, firm, association, or corporation either personally or by agent or attorney **violating any provision of this act shall forfeit the entire debt, judgment, or obligation sought to be satisfied,** and no court in the state of Oklahoma shall ever have jurisdiction to enforce collection of any such claim, judgment, or obligation in any case in which the provisions of this act have been violated." (Emphasis ours.)

It is apparent from the foregoing section that the Legislature intended to protect and prevent all of the income of the head of the family from being applied to one debt and thereby force the debtor and his family upon the care of society or charitable organizations.

The affidavit under consideration was not as specific relative to the exemptions as it should have been, but the summons issued by the clerk of the court and the answer of the garnishee both gave the defendant the protection that the Legislature had in mind in enacting said section. It will also be observed that the portion of said section which provides for forfeiture of the entire debt is based upon a **process issued in any court** which includes more than 25 per cent. of the defendant's wages.

The contention of counsel for defendant in error and that, no doubt, adopted by the trial court, is that the affidavit for garnishment forms a part of the process. We cannot agree with this contention. This affidavit is more in the nature of a petition or part of the pleadings in the case.

The legal meaning of the word, "process," as used in statutes, varies according to the context, subject-matter, and spirit of the statute in which it occurs. Generally, it means the writ, notice, or other formal writing, issued by authority of law, for the purpose of bringing the defendant into a court of law to answer plaintiff's demand in a civil action, although in a more enlarged signification the term is frequently applied to all the proceedings of any court. It is so denominated because it proceeds or issues forth in order to compel the appearance of the defendant.

In the case of Burns v. Pittsburg Mortgage Investment Co., 105 Okla. 150, 231 Pac. 887, in the body of the opinion it is said, "But manifestly process, as used in the Constitution and statute, is in the restricted sense, and has reference only to that character of process which, under the common law, would run in the name of the King."

Section 355, C. O. S. 1921, provides that, upon the filing of an affidavit for garnishment, as provided for in section 354, C. O. S. 1921, a garnishment summons shall be issued by the clerk and service had in the manner provided for the service of summons.

Section 231, C. O. S. 1921, provides that civil actions may be commenced by filing in the office of the clerk of the proper court a petition and causing summons to be issued thereon, and section 232, C. O. S. 1921, provides that a copy of the petition need not accompany the summons. Therefore, it must be determined that the petition is no part of the process, and as the summons in garnishment must be served in the same manner as summons generally, it is not necessary to accompany a summons in garnishment by the affidavit filed to procure the same, as such affidavit is in the nature of a petition.

The provision of section 6596, supra, is that no process issued in any court to subject such wages or earnings for personal service to satisfy any judgment or obligation shall ever include more than 25 per cent. of such wages. The word "process," as used therein, cannot be construed to mean anything more than the garnishment summons or writ, and, inasmuch as said summons in the instant case was limited to 25 per cent. of the defendant's wages, we must conclude that the trial court erred in discharging the garnishee and canceling and satisfying said judgment indebtedness.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

HARRISON, PHELPS, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 25 C. J. p. 70, §112. (2) 32 Cyc. pp. 419, 421; 21 R. C. L. p. 1261; 3 R. C. L. Supp. p. 1223; 4 R. C. L. Supp. p. 1445; 6 R. C. L. Supp. p. 1305.