### DAVIES v. SUTHERLAND et al.
No. 20784. Opinion Filed Feb. 16, 1932.

Holloway & Holden and Hal Welch, for plaintiff in error.

Burke & Trice, for defendants in error.

KORNEGAY, J. This case comes from the district court of Choctaw county. The only point involved in it is whether or not the defendants in error, by virtue of trying to collect their judgment, in the court below, by proceeding in aid of execution, subjected themselves to a forfeiture of their judgment because of the provisions of chapter 188, Session Laws of 1915, which is as follows:

"Sec. 1. That the sixteenth clause of section 3342 of chapter 34, defining the exemptions of householders, of Revised Laws of Oklahoma 1910, annotated, be amended to read: 'Seventy-five per cent. of all current wages or earnings for personal or pro-

fessional services earned during the last 90 days' and that the fifth clause of section 3345 of chapter 34 of Revised Laws of Oklahoma 1910, annotated, defining the exemptions of persons not heads of families, be amended to read: 'Seventy-five per cent. of all current wages or earnings for personal or professional services.' Provided, however, that no process issued in any court to subject such wages or earnings for personal services to satisfy any judgment or obligation, shall ever include more than 25 per cent. of such wages, or personal earnings, and any person, firm, association, or corporation, either personally or by agent or attorney violating any provision of this act shall forfeit the entire debt, judgment or obligation sought to be satisfied, and no court in the state of Oklahoma, shall ever have jurisdiction to enforce collection of any such claim, judgment, or obligation in any case in which the provisions of this act have been violated."

This is in the Compiled Oklahoma Statutes of 1921 as section 6596. There seems to be no dispute about the facts. The defendants in error had a valid judgment against the plaintiff in error in that court. They had recovered the judgment some years ago, and the defendants in that case took it to this court; and this court affirmed it, and then, under the judgment, the lower court sold the property, on which the plaintiffs had a materialmen's lien, and there was a balance due on the judgment and an execution was sued out on the judgment, and the execution was returned "no property found." When this was done the attorney of the plaintiffs, in endeavoring to collect the judgment, filed in the court what was styled as an affidavit for garnishment after judgment, execution returned unsatisfied.

In that affidavit he recited the proceedings leading up to the judgment, and the sale of the property, and the applications of the proceeds, and a subsequent suing out of execution, and return of "no property found." The latter part of the affidavit is as follows:

"Affiant further says that he and the said plaintiffs have good reason to believe and do believe that the St. Louis-San Francisco Railway Company, a corporation, has property of the said H. L. Davies in its possession and control and is indebted to the said H. L. Davies, and said plaintiffs are desirous of having an order issued by the clerk of this court requiring said St. Louis-San Francisco Railway Company, a corporation, to answer in the time prescribed by law, the interrogatories numbered 1 to 4, inclusive, hereto attached.

"Affiant further says that it is not sought by this proceeding to subject to the pay-

ment of said judgment in favor of plaintiffs, more than 25 per cent. of any wages or earnings for personal services of the said debtor, H. L. Davies."

Pursuant to such filing, an order was signed by the clerk in accordance with section 753, C. O. S. 1921, as follows:

"753. Order to Appear in Garnishment. When an execution shall have been returned unsatisfied, the judgment creditor may file an affidavit of himself, his agent or attorney, in the office of the clerk, setting forth that he has good reason to, and does, believe that any person or corporation, to be named, has property of the judgment debtor, or is indebted to him, and thereupon the clerk shall issue an order, requiring such person or corporation to answer, on or before a day to be named in the order, not less than ten nor more than 20 days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor, concerning such indebtedness or property."

Interrogatories were framed in accordance with section 754, C. O. S. 1921, as follows:

"754. Interrogatories Addressed to Garnishee. The judgment creditor, or his attorney, shall prepare interrogatories concerning such indebtedness or property, a copy of which shall be served on the garnishee at the time of the service of the order, or within three days thereafter. And the garnishee shall, on or before the day required in the order, file with the clerk full and true answers to all such interrogatories, verified by his affidavit."

The order to the railway company, omitting the caption, is as follows:

"You are hereby required to file with the undersigned clerk of the district court of Choctaw county, Okla., on or before the 25th day of February, 1929, full and true answers to all the attached interrogatories propounded by Robert Sutherland and Mae G. Sutherland, partners doing business under the firm name and style of Sutherland Lumber Company, judgment creditor of the said defendant, H. L. Davies, in the above-entitled action, duly verified by affidavit, as required by law, and in case of your failure so to do, you will be liable to further proceedings according to law. Of which the said defendant, H. L. Davies, will also take notice.

"Witness my hand and seal of said court at my office in the city of Hugo, in Choctaw county, state of Oklahoma, this 13th day of February, A. D. 1929.

"Signed:    J. G. Wilkins,
            "Court Clerk of Choctaw
            County, State of Okla-
            homa.

            "By B. D. Dean, Deputy."

The sheriff made return of having served a copy on the railway company, and also upon the judgment debtor. The judgment debtor specially appeared and moved for the dissolution of what was styled the "garnishment process," and asked to forfeit the entire debt because the plaintiff's attorney had violated the provisions of section 6596, C. O. S. 1921, and had caused the notice to be issued by the clerk that is set out above, and because the sheriff had served it upon the defendant, and also upon the railway company. In substantiation he stated his family relations and how the members were supported.

The evidence was taken as to the situation of the defendant, and how much was owing, the parties relying upon the answer to the interrogatories that were propounded, and in which it was stated that the railway company was indebted to the defendant for wages in the sum of $15.98, being 25 per cent. of the amount earned for personal services during the first half of April. After hearing the evidence, the court held that the plaintiff in error had made a sufficient showing to entitle him to an exemption of this one-fourth, the payment of which the railway company evidently had held up pursuant to the notice, all as shown by the journal entry made on the 1st of May, 1929.

The court found that only 25 per cent. of the current wages was sought to be subjected, and that what had been done did not cause a forfeiture of the judgment, and that the garnishment should be dissolved on the ground that the entire wages for the three months were necessary for the proper maintenance of the family. The defendant excepted to so much of the order as refused to forfeit the judgment.

Lengthy briefs have been filed, and the parties have quoted the statute, and also from two cases that have heretofore been decided by this court. From an inspection of the statute, this would properly be classed as a supplementary proceeding on execution. It partakes somewhat of the nature of the old-time creditor's bill, with most of it left off. Apparently, the object of it is to find out the status of the property, with view of further proceedings to actually subject it, if found to be not exempt. As soon as the parties answered, the question was brought before the court, and it proceeded in the manner prescribed by sections 737, 739, 740, and 741, C. O. S. 1921.

In this case the plaintiff apparently did nothing more than to follow the law of pro-cedure prescribed. On the threshold it was stated that 25 per cent. of what might be found to be due was all that would be sought to be subjected to the debt. Throughout the trial the same position was taken. Such being the case, we do not see where the plaintiff could be said to have intentionally undertaken to violate any of the provisions prescribing that 25 per cent. of such wages could be applied. Had the court, in violation of the statute, ordered more than 25 per cent. of such wages to be applied, and the plaintiff had proceeded to subject it under such an order, there would have been a case for the operation of the statute. But to say that where a person has pursued a remedy by appealing to the court, demanding no more than the law permitted, and where the garnisheed debtor only held up what was permissible under the law, would subject a party to such a forfeiture, who in good faith was trying to collect his debt, and trying to ascertain just what the law allowed him, would be to render the statute but a snare, and would practically do away with the guarantee of the Constitution, prescribing that the courts should be open, as we find it in section 6 of article II, which is as follows:

"Sec. 6. Courts of Justice Open—Speedy Remedy. The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

Had the plaintiff sought in this case to have proceeded by process of garnishment, that is treated of in the Code of Civil Procedure under the head of "Attachments and Garnishments," he would have been compelled to give a bond, and it might have been said that he took the remedy in his own hands by so doing. Even then, however, the garnishee summons and service, under section 368, C. O. S. 1921, would not have created any liability of the garnishee for any portion of this debt that was exempt by law. The debtor evidently recognized this fact, and accordingly made a return in the ancillary proceeding, showing liability for only one-fourth of the wages earned. Such being the case, there was not at any time in this case a suspension of the right to collect the portion of the wages due exceeding 25 per cent.

The case of Emerson v. Emerson, 130 Okla. 140, 265 P. 1078, is appealed to by both sides. In that case the notice stated

that only 25 per cent. of the wages was sought to be held up, and it was there held that there was no forfeiture. That was a case in aid of execution. The case of Archer v. Johnson, 122 Okla. 178, 252 P. 1092, was a case where the court below forfeited, but was reversed in this court upon the ground that the court did not believe that the law intended to penalize a creditor who in good faith was trying to collect a debt. The distinction between a garnishment in aid of execution and the ordinary garnishment in attachment, is shown in the case of First National Bank of Drumright v. Knight, 127 Okla. 20, 259 P. 565. It holds that in a proceeding in aid of execution, it is not necessary to serve notice on the defendant under the statute. By reference to the title of the act, it will be seen that the question of forfeiture does not appear in the title, and probably very little of the procedure, but it is not necessary to pass upon the constitutionality of the statute based on defects in the title, a question that is referred to in one of the briefs.

The lower court found no reason for forfeiting the amount of this judgment, and we do not find any, and the cause is therefore affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.