ROANE, Judge.
The judgment of April, 1795, by Lyle <§’ M’Credie against Anderson, founded on the execution contained in the record, was erroneous, being for more money than the deputy Sheriff had actually received upon that execution.
By the act of 1792, R. C. 130, § 25, [ed. 1794,] the Sheriff of a county shall have the same remedy and judgment against his deputy or securities failing to pay money re-' ceived on an execution, as the creditor may have against the Sheriff. That is, the Sheriff may recover from his deputy the amount of the money which his deputy had received on the execution.
The document on which the motion by the Sheriff against his deputy must be founded, is the execution itself, which, on the return, will shew how much money had been actually received thereupon. And a judgment, erroneously given against the Sheriff at the suit of the creditor, for more than the deputy has received, is not the proper document whereon he is to proceed against his deputy; for, if he will himself submit to an erroneous judgment, he shall not be permitted in consequence thereof to charge his de *46 puty for more than it is legal to charge him with, and the heavy penalty arising on it.
' The execution itself then being necessary to be produced, the question is, whether when the notice in this case specifies a receipt by the deputy Sheriff of 591. 165. 9d. by virtue of an execution of Lyle 8? M’Credie against B. Hopkins, the District Court could give a judgment upon an execution, which with all the costs amounted only to 66/. 195. If? I am clear that they could not.
But it is supposed, that the return of satisfied, can only be construed to extend to that sum.
I am strongly inclined to view notices with indulgence, seeing that they are the acts not of lawyers, but of the parties. If, however, they descend to particulars, as to dates and sums, the documents referred to, must, when produced, correspond with the notices, or no judgment can be given.
This is like the case of a material variance of the bond produced from that stated in the declaration; in which case the Court are not at liberty to give judgment for the sum mentioned in the bond exhibited, if it be a lesser sum, but must give judgment for the defendant on account of the variance. The judgment,, therefore, must be reversed.
FLEMING, Judge.
If the terms of a notice are general, the Court will construe it favorably and apply it according to the truth of the case as far as it will bear ; but when the notice goes into special circumstances, it is taken more strictly, and must be more correct as to the circumstances stated. The notice here refers to such an execution as did not exist. The first judgment included the Sheriff’s commissions and was clearly for too much. The present judgment founded on it, therefore, must be reversed.
CARRINGTON, Judge.
The first judgment against the Sheriff including his own commissions was certainly wrong, and the mistake cannot be rectified by the Court. The notice goes to particulars ; and the distinction is where the notice is general, in which case mistakes may be corrected, and where the notice descends to particulars, in which case no correction can be made. I concur, that the judgment ought to be reversed.
Judgment reversed. *

[* See Post. Graves v. Webb, 443.]