EDWARD MCKENNA V. S. W. COOPER.

No. 15,945.  (101 Pac. 662.)

SYLLABUS BY THE COURT.

WORDS AND PHRASES—*"Process"*—*Notice to Obtain Service by Publication.* The notice employed in obtaining service by publication is not process within the meaning of section 17 of article 3 of the constitution or of section 700 of the civil code. It need not bear the style "The State of Kansas," need not bear the seal of the court in which the action is pending, and need not be signed or issued by the clerk of such court.

Error from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed April 10, 1909. Affirmed.

*John McKenna,* for plaintiff in error.

*George L. Hay,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: In this case Cooper, the plaintiff, claiming title under a sheriff's deed, recovered in ejectment against McKenna, who claimed under a tax deed. The tax deed was invalid, and the material question is whether the sheriff's deed established title sufficient to authorize a recovery by the plaintiff.

The sheriff's deed was issued pursuant to foreclosure proceedings based upon service by publication, and it is claimed the affidavit and notice are defective in substance. It is not necessary to discuss their validity in this respect. The attack made on them is collateral, and they stand within the principles applied in the case of *Sharp v. McColm, ante,* p. 772.

It is further claimed that the notice is void because it does not have the form of process, which must run in the name of the state and bear the signature of the clerk and the seal of the court from which it issues.

"The style of all process shall be 'The State of Kan-

sas,' and all prosecutions shall be carried on in the name of the state." (Const. art. 3, § 17.)

"The style of all process shall be 'The State of Kansas.' It shall be under the seal of the court from whence the same shall issue, it shall be signed by the clerk, and dated the day it is issued." (Civ. Code, § 700.)

The word "process" has many meanings. In its broadest sense it comprehends all proceedings to the accomplishment of an end, including judicial proceedings. Frequently its signification is limited to the means of bringing a party into court. In the constitution process which at the common law would have run in the name of the king is intended. In the code process issued from a court is meant.

The legislature may authorize steps to be taken involving the use of process the equivalent of that which was known to the law of England and which formerly ran in the name of the king. If this be done such process must bear the style of the sovereignty—"The State of Kansas." But the legislature in its discretion may authorize steps to be taken involving the use of other means than process in the strict sense. Notices not issuing from the court itself, but given by some executive officer or interested person, may be employed, and in such case the form of process is not essential, although persons or property be subjected to the jurisdiction of a court. Notices in proceedings by executors, administrators and guardians to sell real estate are not process. The treasurer's notices relating to the sale and conveyance of land for taxes are not process, although the sovereignty of the state is intimately concerned. In some states the original summons to the defendant in an action is a mere notice by the plaintiff's attorney, and hence is not process in the sense of constitutional or statutory provisions prescribing the style and requisites of process.

"But we think a summons is not process within the

McKenna v. Cooper.

meaning of section 14, article 6, of our state constitution. It is merely a notice given by the plaintiff's attorney to the defendant that proceedings have been instituted, and judgment will be taken against him if he fails to defend. This notice is not issued out of or under the seal of the court, or by the authority of the court, or any judicial officer. The fact that the court acquires jurisdiction by its service does not prove it process, for it is competent for the legislature to provide that the court shall acquire jurisdiction by the service of the complaint without a summons, or in any other manner by which the defendant may be notified that proceedings have been instituted against him. 'Process,' in a large acceptation, is nearly synonymous with proceedings, and means the entire proceedings in an action from the beginning to the end. In a stricter sense it is applied to the several judicial writs issued in an action. 7 Comyn's Dig. 120; 3 Black. Com. 279 *et seq.;* Bouvier's Law Dic. In this last sense it is manifestly used in the constitution, and when used in this sense we believe it only applies to judicial instruments issued by a court, or other competent jurisdiction and returnable to the same." (*Hanna et al. v. Russell et al.,* 12 Minn. 80, 85.)

The meaning of the constitution of Illinois, which provides that all process shall run in the name of "The People of the State of Illinois," is thus explained:

"This object is manifest. It was to provide a name or title by which the sovereign power of the state should be designated. In England, the king is supposed to be the fountain of justice and the source of power, and that sovereign power is there designated by his name and title. In Kentucky, and some of the other states, it is 'The Commonwealth'; in Missouri, and some others, it is 'The State.' Here it is 'The People,' &c. Where, by the law of England, whence we have mainly borrowed our system of jurisprudence, writs or process are issued, or other proceedings are had expressly in the name of the king, here they should run in the name of 'The People.' The latter is to be used instead of the former. The meaning is not that everything shall be done expressly in the name of 'The People,' but that nothing shall be done in any other name. Whenever the name of the sovereign power is

54—79 KAN.

invoked or expressed, that shall be its designation." (*Curry v. Hinman,* 11 Ill. 420, 423.)

(See, also, *Leas & M'Vitty v. Merriman,* 132 Fed. 510; *Gilmer v. Bird,* 15 Fla. 410; *William Tweed v. Horace Metcalf,* 4 Mich. 579; *Case Manfg. Co. v. Perkins,* 106 Mich. 349, 64 N. W. 201; *Plano Mnfg. Co. v. Kaufert,* 86 Minn. 13, 89 N. W. 1124; *Brooks v. Nickel Syndicate,* 24 Nev. 311, 53 Pac. 597; *Bailey v. Williams,* 6 Ore. 71; *Town of Davis v. Davis,* 40 W. Va. 464, 21 S. E. 906; *Porter v. Vandercook and others,* 11 Wis. 70.)

Section 73 of the code provides that the party to an action may make service by publishing the necessary notice, and no form of notice is prescribed. Therefore the legislature has distinguished this notice from the process referred to in section 700 of the code, quoted above, and from the process spoken of in the constitution. (*Nichols v. Burlington and Louisa County Plank Road Company,* 4 G. Greene [Iowa], 42.)

The conclusion must be that the notice employed in obtaining service by publication is not process within the meaning of the constitution or statute, need not bear the style of "The State of Kansas," need not bear the seal of the court in which the action is pending, and need not be signed or issued by the clerk of such court.

The proceedings are sufficient to sustain the sheriff's deed, and the judgment of the district court is affirmed.