(79 South. 318)

No. 22978.

HERNDON v. WAKEFIELD–MOORE REALTY CO., Inc., et al.

WAKEFIELD–MOORE REALTY CO., Inc., et al. v. HERNDON.

(June 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. VENDOR AND PURCHASER ☞233—SALES— RECORDATION—STATUTE.

Under Rev. Civ. Code, art. 2266, contract for sale of a plantation was null and void for want of recordation as against third persons, and could not serve as the basis of suit by the vendee against them; they having purchased subsequently to the contract.

2. VENDOR AND PURCHASER ☞239(1)—SALES —FRAUD ON VENDEE—VOID CONTRACT.

Where an unrecorded contract for sale of a plantation was void as against subsequent purchasers, such purchasers cannot be said to have perpetrated a fraud on the first vendee by misrepresenting his financial standing to the vendor, inducing it to break its contract, thus treating the contract as void.

3. VENDOR AND PURCHASER ☞38—SALES— REMEDIES OF VENDOR—ACTION IN NULLITY.

If persons desiring to buy a plantation deceived the selling company, the deception bearing on a material part of the promise of sale, the company could nullify the contract, but a stranger to the contract could not.

4. EJECTMENT ☞52—CITATION—SUMMONS IN NAME OF STATE—STATUTE.

Where the citation in ejectment proceedings summoned defendant in the name of the state of Louisiana and of the First judicial district court of the parish of Caddo, exception on the ground the citation had not been issued in the name of the state, in accordance with Code Prac. art. 774, and Const. art. 90, was properly overruled; the citation complying with Code Prac. art. 179, governing citations.

5. PROCESS ☞1—CITATION—CONSTITUTION.

Citation is not "process" within the meaning of Const. art. 90, providing that "the style of all process shall be 'the State of Louisiana.'"

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Process.]

6. AFFIDAVITS ☞12, 16—JURAT—MISDATING —CURE BY NEW SERVICE.

Where, it being the beginning of the year, jurat to the petition in an ejectment suit was erroneously dated January 3, 1917, instead of 1918, an exception thereto was frivolous, besides having been cured and a new service made.

7. VENDOR AND PURCHASER ☞52 — SALES — PROMISE OF SALE AS SALE.

A promise of sale of real estate duly evidenced by writing and recorded is equivalent to a sale.

8. VENDOR AND PURCHASER ☞6—SALE OF REALTY UNDER ATTACHMENT.

Realty is susceptible of sale while under attachment, though it cannot be delivered, except by the fictive delivery which accompanies the authentic act, since, under Rev. Civ. Code, art. 2456, a sale, as between the parties, is perfect without delivery.

9. LANDLORD AND TENANT ☞83(1)—RENEWAL OF LEASE—SALE OF PROPERTY.

A sale of a plantation which divested the vendor of its ownership and of its power to lease, though made while the plantation was under attachment, was such a sale as was contemplated by the clause of the lease according to which it was not to be renewed in the event of a sale.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suits by James R. Herndon against the Wakefield-Moore Realty Company, Incorporated, and others, and by the Wakefield-Moore Realty Company, Incorporated, and others against James R. Herndon, resulting in judgments for defendants in the first action and for plaintiff in the second, from which plaintiff in the first action and defendant in the second appeal. Affirmed.

Mills & Cook and Levy & Crane, of Shreveport, for appellant. Wise, Randolph, Rendall & Freyer, of Shreveport, for appellees W. F. Taylor and Z. R. Lawhon. J. S. Atkinson, of Shreveport, for appellee Wakefield-Moore Realty Co.

PROVOSTY, J. The plaintiff Herndon alleges that, as evidenced by telegrams which passed between him and the duly authorized agents of the defendant company, the latter sold him the Bagley plantation, but violated its said contract by making a promise of sale of the plantation to Taylor & Lawhon, being induced thereto by false and fraudulent representations made to it by the latter as to his ability to carry out his said contract, and the danger of his being thrown into bankruptcy and of the plantation becoming involved in the bankruptcy proceedings, that the defendant company should be compelled to specific performance of its said contract with him, and because of said fraud the said promise of sale to Taylor and Lawhon should be annulled, and its recordation ordered canceled.

By articles 2440 and 2462 of the Code, a sale or promise of sale of immovable property must be evidenced by writing duly signed before it can have effect even as between the parties, except as provided by article 2275; and by article 2266 "all * * * contracts * * * affecting" real estate "shall be utterly null and void except between the parties thereto" unless recorded. Plaintiff's petition leaves somewhat doubtful whether his said alleged contract was so evidenced; but, it failing to allege recordation, the suit was dismissed on the latter ground, on exception of no cause of action, as against Taylor and Lawhon, who are third parties, and the present appeal is from that judgment.

[1, 2] This alleged contract, being thus utterly null and void as against Taylor and Lawhon for want of recordation, cannot, evidently, serve as the basis of a suit against them; and yet this alleged contract, thus utterly null and void, is the very foundation stone of the edifice of plaintiff's suit against these two defendants. Evidently, then, the petition alleging this contract as a basis for suit shows no cause of action against said defendants. True, plaintiff alleges fraud on

the part of these defendants; but, as said in McDuffie v. Walker, 125 La. 167, 51 South. 105:

"It cannot be said that one perpetrates a fraud who merely treats as utterly null and void a contract which the law in terms declares 'shall be utterly null and void.'"

To be "utterly null and void" means to have no legal existence. Therefore, when Taylor and Lawhon came to deal with the defendant company, with respect to this property, this alleged contract of plaintiff had no legal existence as to them. It being nonexistent as to them, they would have scanned their legal horizon in vain to discover it, or to discover any rights that plaintiff might have under it. A nonexistent thing cannot be discovered; and still less can any rights such as would result from it if it existed. Taylor and Lawhon could not commit a fraud against a contract nonexistent as to them, and could not by fraud or otherwise violate rights nonexistent as to them. Between such a case of rights nonexistent, and which therefore cannot be violated by fraud or otherwise, and the suppositious case propounded by the court in McDuffie v. Walker, supra, of a third person who by fraud keeps a vendee from recording his contract, and then himself buys the property, there is the difference that such a vendee has a right as against third persons, namely, the right to have his contract recorded—a right valuable, or useful, especially as against third persons—and ought to have relief against a subsequent vendee who by deceit has deprived him of this right. Plaintiff had no rights whatever as against Taylor and Lawhon, who were at perfect liberty to treat his said alleged contract as naught.

[3] They, of course, were not at liberty to deceive the defendant company, and if they did, and if the deception bore upon a material part of the promise of sale which the defendant company entered into with them, the company would have a right of action in nullity. But plaintiff, a total stranger to this contract, has no such right. He could have such right only if his alleged contract were valid; but as to Taylor and Lawhon, the real parties in interest, it is utterly null and void—nonexistent.

Plaintiff's allegations of fraud may becloud, but cannot alter, the stern fact that he is seeking to take this real estate away from Taylor and Lawhon by virtue of an alleged contract which the law declares to be utterly null and void as to these two defendants.

This nonexistence as to third persons of an unrecorded contract affecting real estate being a mere legal fiction, a mere legal fact, perceived by the legal mind, but not apparent to the ordinary mind, we experience some difficulty in holding fast to it, and accepting its legal consequences; but this must be done, else we lose our legal bearings, and stray into legal error. Insidious attacks like the present one upon that legal situation have been unfortunately too often successful in the past, but the door has now been closed upon them, let us hope permanently. McDuffie v. Walker, supra; Bell v. Saunders, 139 La. 1050, 72 South. 727, and cases there cited.

Plaintiff does not allege that any deception was practiced on him by which he was induced not to record his contract. He does not allege that any deception whatever was practiced on him, but upon the defendant company. Formulated in accordance with its legal substance, his complaint is that Taylor and Lawhon, not knowing of his contract, spoke ill of him, and thereby induced the defendant company to put itself in a position where it could no longer be compelled to specific performance of its contract with him; or, to adopt a formulation adhering more closely to the facts, but the same in legal effect, the complaint is that Taylor and Law-

hon, knowing of his contract, but knowing at the same time that it was utterly null and void, or, in other words, nonexistent, as to them, induced the defendant company, by speaking ill of him, to break its contract with him. Such a complaint sets forth, perhaps, a cause of action for slander or for having induced a contractor to break his contract, but does not set forth any rights by virtue of which real estate may be followed into the hands of third persons. It does not set forth any legal relation whatever between plaintiff and the real estate in so far as third persons are concerned; and plaintiff's suit is against third persons.

At the time the suit was filed the plaintiff Herndon was lessee of the plantation. His lease expiring, the defendants brought ejectment proceedings; and these were cumulated with the suit in nullity.

[4, 5] The citation in these proceedings summoned the plaintiff Herndon "In the Name of the State of Louisiana and of the First Judicial District Court of the Parish of Caddo" to appear, etc. He excepted to this citation on the ground that it had not issued "In the Name of the State of Louisiana," in accordance with article 774, C. P., and article 90, Const., which, as he contends, require all orders or writs or process so to issue.

This exception was properly overruled. The citation complies in all respects with article 179, C. P., which is the law governing citations. Besides, citation is not "process," within the intendment of said article of the Constitution. Bludworth v. Sompeyrac, 3 Mart. (O. S.) 719.

[6] By an error such as frequently occurs in the first days of a new year, the jurat to the petition in this ejectment suit was dated January 3, 1917, instead of January 3, 1918; bore date one year before the filing of the petition, one year before the cause of action had arisen. This could mislead no one, and do no harm. It was, however, excepted to. The exception was manifestly frivolous; but, for making assurances doubly sure, the error was corrected, and a new service was made. By this new service the defect would have been cured even if it had been serious.

Pending the suit in nullity, the promise of sale by the defendant company to Taylor and Lawhon was consummated by the execution and recordation of an authentic act of sale; and it was after this that the ejectment proceedings were brought. The plantation was then under attachment, it having been attached in the suit in nullity, for the purpose of bringing the defendant company into court; this company being a nonresident, domiciled in the state of Kentucky.

The lease of the plantation to the plaintiff Herndon was, by its terms, to be renewed automatically for one year, in the event the defendant company did not sell the plantation.

Plaintiff, Herndon, contends that the authentic act of sale by which the promise of sale was sought to be consummated was ineffective, for the reason that property is not susceptible of sale while under attachment, and that the promise of sale itself was not equivalent to a sale, and that consequently the place was not sold, and the lease was renewed for one year.

[7-9] We think a promise of sale of real estate duly evidenced by writing and recorded is equivalent to a sale (Barfield v. Saunders, 116 La. 136, 40 South. 593; Lehman v. Rice, 118 La. 975, 43 South. 639), and that property, especially real estate, is susceptible of sale while under attachment. True, it cannot be delivered, except by the fictive delivery which accompanies the authentic act (C. C. 2479); but that is no reason why it cannot be sold. As between the parties a sale is perfect without delivery. C. C. 2456. The sale in question was therefore perfect as between the defendant company and Taylor

and Lawhon; and, being such, it divested the company of its ownership of the property, and of its power to lease the property, or to renew an existing lease of it, and consequently prevented the renewal of the lease. How can plaintiff contend that a sale which divests the vendor of his ownership, and of his power to lease, is not such a sale as was contemplated by the clause of the lease according to which the lease was not to be renewed in the event of a sale.

The two judgments appealed from are affirmed at the cost of James R. Herndon.