## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### VIRGINIA HOT SPRINGS COMPANY V. SCHRECK.

November 17, 1921.

1. NOTICE OF MOTION FOR JUDGMENT—*Return Within Five Days After Service—Assumption that Return is Within the Five Days.*— Section 6046 of the Code of 1919 requires that the notice of motion for a judgment for damages shall be returned to the clerk's office within five days after service. And where the date of service does not appear from the record, but no objection is made on that account, it will be assumed on appeal that the return was within the five days required by the statute.

2. SERVICE OF PROCESS—*Return Day—Section 6055 of the Code of 1919.*—Section 6055 of the Code of 1919 declares that unless otherwise provided, "process from any court, whether original, mesne, or final * * * shall be returnable within ninety days after its date," and it has been held that process which on its face is not so returnable is void.

3. NOTICE OF MOTION FOR JUDGMENT—*Action at Law.*—A proceeding by motion for a judgment under section 6046 of the Code of 1919 is an action at law.

4. NOTICE OF MOTION FOR JUDGMENT—*Notice Takes Place of Writ and Declaration.*—A notice in a proceeding under section 6046, Code of 1919, takes the place of the writ and declaration. This does not mean, of course, that they are identical; but that the notice serves as a citation of the defendant mentioned therein, and also states the ground of the action. No rules are taken as in a regular action, but the procedure is largely informal.

5. NOTICE OF MOTION FOR JUDGMENT—*Must State a Good Cause of Action.*—A notice in a proceeding by notice of a motion for judgment, so far as it serves as a substitute for the declaration, must state, in substance, a good cause of action, else it will be bad on demurrer.

6. NOTICE OF MOTION FOR JUDGMENT—*Returnable Within Ninety Days After Date.*—Although section 6046, Code of 1919, fixes no appearance day for the notice, yet the general rule requiring an act to be done in a reasonable time, where no time is fixed, is

applicable, and as section 6055 of the Code of 1919 provides that all process shall be returnable within ninety days from its date, a reasonable time for the return of notice of a motion for judgment will be held by analogy to be within ninety days after its date.

7. NOTICE OF MOTION FOR JUDGMENT—*Returnable Within Ninety Days After Date—Case at Bar.*—In the instant case, a proceeding by notice of a motion for judgment for damages, the notice was returned to the clerk's office November 3, 1919, and notified defendant that the judgment would be asked on the first day of the March term, 1920 (March 20, 1920), the day appointed therefor by law. The notice passed over the November term, 1919 (November 20), although there was ample time to mature the case for that term, and notified the defendant to appear 138 days after it was returned executed to the clerk's office.

*Held:* That the trial court should have sustained a motion to quash the notice and dismiss the action, and that its failure to do so was error. The objection was not merely formal, but fundamental and substantial, going to the jurisdiction of the court.

8. WORDS AND PHRASES—*Reasonable Time.*—What is a reasonable time is a very indefinite term, varying as to the act to be done and the circumstances of the particular case.

Error to a judgment of the Circuit Court of Bath county in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*J. T. McAllister* and *Allen & Walsh,* for the plaintiff in error.

*John W. Stephenson & Son, Geo. A. Revercomb* and *Timberlake & Nelson,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

[1-3] This is a proceeding by notice of a motion for a judgment for damages which the plaintiff (Schreck) alleged he had sustained by the wrongful conduct of the defendant (Virginia Hot Springs Company). The proceeding was taken under section 6046 of the Code (section 3211, Code 1904), which requires the notice to be returned to the clerk's office within five days after service.   The date of service does not appear from the record, but no objection is made on this account, and we assume that it was within the five days required by the statute.   The notice was returned to the clerk's office November 3, 1919, and notified defendant that the judgment would be asked on the first day of the March term, 1920 (March 20, 1920), the day appointed therefor by law.   The notice passed over the November term, 1919 (November 20), although there was ample time to mature the case for that term, and notified the defendant to appear 138 days after it was returned executed to the clerk's office. Section 6055 of the Code (section 3220 of Code 1887) declares that, unless otherwise provided, "process from any court, whether original, mesne, or final, * * * shall be returnable within ninety days after its date," and we have held that process which, on its face, is not so returnable is void. *La-vell* v. *McCurdy*, 77 Va. 763. We have also held in a number of cases that a proceeding by motion for a judgment under section 6046 is an action at law.   *Gordon* v. *Funkhouser*, 100 Va. 675, 42 S. E. 677; *Reed & McCormick* v. *Gold*, 102 Va. 37, 45 S. E. 868; *Newport News, etc., R. Co.* v. *Bickford*, 105 Va. 182, 52 S. E. 1011.

It will be observed, however, that the language of the statute is, "process from *any court*," etc., and it is said that the section does not apply to motions of this character, which are controlled entirely by section 6046, and that the latter section is complete in itself and fixes the time of service and return of the process, but leaves open the ques-

tion of the day for the appearance of the defendant. It is insisted that if any limitation was intended to the appearance day of the notice it would have been prescribed by section 6046. It is further insisted that the question is put at rest by *Kain* v. *Ashworth,* 119 Va. 605, 89 S. E. 857. That case was rested upon the construction of section 3211 of the Code of 1887 as amended in 1914 (now section 6046), read in connection with other sections of that Code, especially section 3207 (now section 6041), and it was held that a motion for a judgment under section 3211 of the Code of 1887 as amended (now section 6046), could be sent out of the county to be executed, although the only ground of jurisdiction was that the cause of action arose in the county where the motion was returnable, and process in a formal action, under such circumstances, could not be sent out of the county to be executed. Shortly thereafter the legislature amended the statute in this particular so as to provide expressly that, in such case, the notice should not be sent out of the county to be executed (Code section 6046), thus making the rule in this respect the same whether the proceeding was by a regular formal action or by motion. To this extent, the legislature manifested an intent to harmonize process in the different forms of procedure. *Kain* v. *Ashworth,* therefore, is not controlling in the present controversy.

[4-8] We have held in a number of cases that the notice under section 6046, takes the place of the writ and declaration. *Morotock Ins. Co.* v. *Pankey,* 91 Va. 259, 21 S. E. 487; *Security Loan Co.* v. *Fields,* 110 Va. 827, 67 S. E. 342, and cases cited. This does not mean, of course, that they are identical; but that the notice serves as a citation of the defendant mentioned therein and also states the ground of the action. No rules are taken as in a regular action, but the procedure is largely informal. The

notice, however, so far as it serves as a substitute for the declaration, must state in substance a good cause of action, else it will be bad on demurrer (*Security Loan Co.* v. *Fields, supra; Matthews* v. *LaPrade*, 130 Va. 408, 107 S. E. 795), and so far as it serves as a writ it must fix a time and place for the defendant to make defense, and otherwise conform to law.   It would seem that if all process "from any court" must be returnable within ninety days, that which is to take its place when emanating from a private person should have a similar limitation.   We can conceive of no reason applicable to the one which is not equally applicable to the other, and, in the absence of any statute authorizing or compelling a different conclusion, the same limitation should be placed on notices as is placed by the statute on "process from any court."   It is true that section 6046 fixes no appearance day for the notice, but the general rule requiring an act to be done in a reasonable time where no time is fixed should be applied to the case.   What is a reasonable time is a very indefinite term, varying as to the act to be done and the circumstances of the particular case. Frequently there is no guide to its definition except the judgment of reasonable men, judges or jurors.   Here, however, we have the guidance of a legislative act which has remained unchanged for over sixty years.   Acts 1852, p. 76. It is that "process from any court" shall, unless otherwise provided, be returnable within ninety days from its date. If such process is to be so returnable, why should not notices from private persons be subject to the same rule?   Can any sound reason be assigned for a difference?   In the case in judgment, the plaintiff had not only passed over a term of the court, but had exceeded the limit prescribed by section 6055 by forty-eight days, or about seven weeks.   If he may exceed it by seven weeks, why not by seven months, or seven years?   Where shall the limit be fixed?   Unless the

limit prescribed by the statute to "process from any court" be adopted, we are hopelessly at sea as to how to measure "reasonable time." What is "reasonable time" for the return of a judicial writ ought also to be "reasonable time" for that which is allowed to take its place. We conclude, therefore, that the trial court should have sustained the motion of the defendant to quash the notice and dismiss the action, and that its failure to do so was error. The objection was not merely formal, but fundamental and substantial. It went to the jurisdiction of the court to hear and determine the controversy. *Lavell* v. *McCurdy, supra.*

The plaintiff was fully warned of the objection to the sufficiency of the notice. When the case was first called for hearing on March 22, 1920, there was a motion to quash the notice and dismiss the action, which motion the court overruled, and thereafter on June 22, 1920, the defendant demurred to the notice for misjoinder of causes of action. The demurrer was sustained, with leave to amend, and instead of commencing a new action, with a notice that was unobjectionable as to the return day, the plaintiff elected to amend the original notice and pursue his remedy by that proceeding, which was accordingly done.

We are of opinion, for the reason we have stated, that the notice as a writ to commence the action was a void process, and consequently that the verdict of the jury and the judgment of the court founded thereon are likewise void. An order therefore will be entered in this court directing the clerk of the Circuit Court of Bath county to enter on his order book where the said judgment is entered and on the judgment docket where it is docketed that the said judgment has been declared void by this court. An order will also be entered here in favor of the plaintiff in error for its costs incurred in this court and in the circuit court.

*Reversed.*