## DUNLAP v. BULL HEAD OIL CO.

No. 20726.   Jan. 30, 1934.

Sigler & Jackson, for plaintiff in error.

Potter & Potter, for defendant in error.

ANDREWS, J. This is an appeal from an order of the district court of Carter county reviving a judgment theretofore rendered against the plaintiff in error in favor of the defendant in error. Hereinafter the plaintiff in error will be referred to as the defendant, and the defendant in error as the plaintiff.

The first assignment of error is that the trial court erred in overruling the defendant's motion to quash the notice. The only objection made to that notice is that it did not run in the name of the state of Oklahoma.

Section 19, article 7, of the Constitution of Oklahoma provides:

"* * * The style of all writs and processes shall be 'The State of Oklahoma.' * * *"

278

Section 19, O. S. 1931, provides:

"The style of all process shall be 'The State of Oklahoma.' It shall be under the seal of the court from whence the same shall issue, shall be signed by the clerk, and dated the day it is issued."

The notice complained of is not a writ or process within the meaning of section 19, article 7, of the Constitution, or section 19, O. S. 1931. Burns v. Pittsburg Mortgage Inv. Co., 105 Okla. 150, 231 P. 887; Harmon v. Nofire, 131 Okla. 1, 267 P. 650; Emerson v. Emerson, 130 Okla. 140, 265 P. 1078, and Armstrong v. Phillips, 82 Okla. 82, 198 P. 499. When a sufficient notice was duly served on the defendant by the sheriff, the court acquired jurisdiction. Section 263, O. S. 1931; section 578, O. S. 1931.

The next assignment of error is that the trial court erred in entering the judgment without giving the defendant a chance to plead to the motion to revive.

The record shows that the plaintiff's motion to revive was filed on April 9, 1929, within the time prescribed by law for reviving judgments; that notice thereof, and that the same would be presented on May 9, 1929, was served on the defendant the same day; that the defendant filed a motion to quash the service on May 6, 1929; that that motion was overruled by the court on May 10, 1929; that on motion of the defendant hearing on the motion to revive the judgment was continued until May 15, 1929, and the defendant was given 5 days from May 10, 1929, to plead; that on May 15, 1929, the defendant filed a demurrer; that on May 17, 1929, that demurrer was sustained; that on May 18, 1929, an amendment to the motion to revive the judgment was filed; that on May 20, 1929, the amended motion to revive came on for hearing, and the attorneys for both parties appeared in court; that the defendant's attorney asked for more time to plead to the amended motion; that further time was denied by the court, and that the court entered its order reviving the judgment.

The judgment which was revived was a personal judgment in favor of the plaintiff and against the defendant. The trial court had neither discretion in the matter nor authority to inquire into the merits. Kilgore v. Yarnell, 24 Okla. 525, 103 P. 698; Boyes v. Masters, 28 Okla. 409, 114 P. 710; section 590, O. S. 1931. If there was any error, it was not a reversible error. Section 252, O. S. 1931.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.