CHISHOLM ET AL. *v.* GILMER, RECEIVER.

No. 11.   Argued October 13, 1936.—Decided November 9, 1936.

*Mr. Minitree J. Fulton,* with whom *Messrs. Homan W. Walsh* and *Lyttelton Waddell* were on the brief, for petitioners.

*Mr. George Gilmer,* with whom *Messrs. John S. Eggleston* and *George P. Barse* were on the brief, for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The controversy is one as to the jurisdiction of a United States District Court in Virginia to apply the Virginia practice whereby a notice of motion for judgment is accepted as a substitute for a writ or other process issued from a court.

Petitioners, shareholders in a national bank, have been charged by the Comptroller of the Currency with an assessment in the amount of the par value of their shares. To enforce that assessment, respondent, the receiver of the bank, gave notice of motion that he would apply for judgment at a given time, incorporating in the notice a statement of the facts making up the claim. There is no question that the practice was in conformity with the statutes of Virginia. The notice, which was signed by the receiver, was served upon the shareholders by the marshal, though it would have been equally efficacious if served by someone else. It did not issue out of the court, did not bear the court seal, and was not signed by the clerk. Upon the return day of the motion the objection was made in behalf of the petitioners that the "process" was unavailing to bring them into court. The objection was overruled and later, after trial, a judgment on the merits went in favor of the receiver. Upon appeal to the Court of Appeals for the Fourth Circuit, the judgment was affirmed. 81 F. (2d) 120. To set at rest a controversy as to an important question of procedure, this Court granted certiorari "limited to the question of the jurisdiction of the District Court."

The remedy by notice of motion in Virginia is governed by § 6046 of the Virginia Code. "Any person entitled to maintain an action at law may, in lieu of such action at law, proceed by motion." The remedy is an ancient one. It goes back to 1732, though at first it was limited to claims for public moneys payable by sheriffs. Acts of May, 1732, c. 10, § 8, 4 Va. Stat. (Hening) 352. Gradually it was extended to other situations. As early as 1849 it was made applicable to claims on contract generally. Virginia Code (1849), c. 167, § 5. From contracts it spread to torts (Virginia Acts [1912] 15), and to statutory penalties. *Ibid.* 651. A revision of the Code in 1919 made the remedy even broader. Virginia Code, 1919, § 6046. The history of the development has been traced with painstaking precision by students of procedure.[1]

There is trustworthy evidence that in the practice of the Virginia courts the remedy by motion has almost superseded the common law forms of action.[2] Even in the federal courts held in the same territory the new procedure has succeeded to a large extent in crowding out the old. An opinion of a federal District Judge (McDowell, J.), announced in 1904, shows the remedy by motion then accepted by the bar. *Leas & McVitty* v. *Merriman,* 132 Fed. 510. About thirty years later (January, 1935), the Court of Appeals for the fourth circuit with supervisory powers over courts in the same area made a study of the

[1] Burks, Pleading and Practice in Actions at Common Law (1st ed., 1913) 164; Millar, Three American Ventures in Summary Civil Procedure, (1928) 38 Yale Law Journal 193; Clark and Samenow, The Summary Judgment, (1929) 38 Yale Law Journal 423; Report of the College of Law of West Virginia to the Bar Association, (1929) 36 West Virginia Law Quarterly 5, 70.

[2] E. C. Burks, Note to *Hanks* v. *Lyons,* (1895) 1 Va. Law Register 441; Millar, The Summary Judgment, *supra,* at p. 221; Report of the College of Law of West Virginia, *supra,* at p. 70.

intermediate growth. By that time it appeared that the procedure by notice of motion was followed in ninety-five per cent. of the common law actions begun in a federal court at Richmond, thirty-three-and-a-third per cent. of those begun at Norfolk, and fourteen per cent. of those begun at Alexandria. *Eley* v. *Gamble,* 75 F. (2d) 171, 173.

Under the Conformity Act (R. S. § 914; 28 U. S. C. § 724), "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding." How a suit shall be begun, whether by writ or by informal notice, is a question of the practice of the state or of its forms and modes of proceeding. *Amy* v. *Watertown, No. 1,* 130 U. S. 301, 304. The Constitution of the United States does not attempt to make a choice between one method and another, provided only that the method employed "gives reasonable notice and affords fair opportunity to be heard before the issues are determined." *Iowa Central Ry. Co.* v. *Iowa,* 160 U. S. 389, 393. The remedy by notice of motion has had repeated approval by the highest court of Virginia. *Virginia Hot Springs Co.* v. *Schreck,* 131 Va. 581; 109 S. E. 595; *Security Loan & Trust Co.* v. *Fields,* 110 Va. 827; 67 S. E. 342; *Drew* v. *Anderson,* (1797) 1 Call 51, 53. It is here sought to be applied, not in equity or admiralty (*Coffey* v. *United States,* 117 U. S. 233), but in a common law cause, a quasi-contractual obligation being the source of liability. *Shriver* v. *Woodbine Bank,* 285 U. S. 467, 477; *Coffin Brothers & Co.* v. *Bennett,* 277 U. S. 29, 31; *Bernheimer* v. *Converse,* 206 U. S. 516, 529; *Christopher* v. *Norvell,* 201 U. S. 216, 225, 226. A fed-

eral court, adhering to the Conformity Act, must follow the local practice, unless some other act of Congress, creating an exception to the general duty of conformity, has declared a special rule. *Ex parte Fisk*, 113 U. S. 713; *Whitford* v. *Clark County*, 119 U. S. 522; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202, 209.

Petitioners profess to find the necessary exception in § 911 of the Revised Statutes (28 U. S. C. § 721), which provides: "All writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof. Those issuing from the Supreme Court shall bear teste of the Chief Justice of the United States, or, when that office is vacant, of the associate justice next in precedence, and those issuing from a district court shall bear teste of the judge, or, when that office is vacant, of the clerk thereof." We do not essay a definition of the word process in every context. It may take on varying shades of meaning in varying surroundings. For present purposes it is enough to say that a notice of motion, if process at all, is not process issuing from a court, and assuredly is not a writ.[3] Only writs or processes so issuing are governed by the statute. This is the view expressed more than thirty years ago by Judge McDowell in two cases (*Leas & McVitty* v. *Merriman, supra,* and *Schofield* v. *Palmer,* 134 Fed. 753), which did much, we may be confident, to guide the conduct of the federal bar in adhering to the Virginia practice. It is the view expressed by Judge (later Mr. Justice) Sanford in the District Court of Tennessee. "In any proceeding which may be properly instituted and proceeded with upon mere notice to the parties in inter-

---

[3] Pollock & Maitland, History of English Law, 2nd ed., vol. I, p. 150; Radin, Anglo-American Legal History, p. 179; Holdsworth, History of English Law, vol. II, p. 193.

est, without process from the court itself, the requirements of section 911 have no application." *In re Condemnation Suits by United States,* 234 Fed. 443, 445. It is the view accepted by the Court of Appeals for the Fourth Circuit in *Eley* v. *Gamble, supra,* and again in the case at hand. Cf. *Wile* v. *Cohn,* 63 Fed. 759.

There is instruction also in many state decisions dealing with cognate questions. The Constitution of Virginia prescribes (§ 106) that "writs shall run in the name of the 'Commonwealth of Virginia,' and be attested by the clerks of the several courts." The Virginia courts have perceived nothing in that mandate at war with the validity of a summary notice of motion signed and issued by the parties. *Whitley* v. *Booker Brick Co.,* 113 Va. 434, 436; 74 S. E. 160; *Kain* v. *Ashworth,* 119 Va. 605; 89 S. E. 857; *Mankin* v. *Aldridge,* 127 Va. 761, 767; 105 S. E. 459; *Wood* v. *Kane,* 143 Va. 281; 129 S. E. 327. In many other states constitutional or statutory provisions as to the form of writs and other "process" have received a like construction. *People* v. *Lee,* 72 Colo. 598; 213 Pac. 583; *Gilmer* v. *Bird,* 15 Fla. 410; *Curry* v. *Hinman,* 11 Ill. 420, 424; *McKenna* v. *Cooper,* 79 Kan. 847; 101 Pac. 662; *Herndon* v. *Wakefield-Moore Realty Co.,* 143 La. 724; 79 So. 318; *Hanna* v. *Russell,* 12 Minn. 80; *Dunlap* v. *Bull Head Oil Co.,* 167 Okla. 277; 29 P. (2d) 108; *Bailey* v. *Williams,* 6 Ore. 71; *Whitney* v. *Blackburn,* 17 Ore. 564, 571; 21 Pac. 874; *State* v. *Superior Court,* 142 Wash. 270; 253 Pac. 115; *Porter* v. *Vandercook,* 11 Wis. 70. The analogy is apt and the reasoning persuasive.

Petitioners lean heavily upon early decisions in the District and Circuit Courts for New York wherein the requirements of R. S. § 911 were held to be applicable to the New York form of summons. *Peaslee* v. *Haberstro,* (1879) Fed. Cas. No. 10,884, 15 Blatchf. 472;

*Dwight* v. *Merritt,* (1880) 4 Fed. 614. In so far as these decisions and others following them *(United States* v. *Mitchell,* 223 Fed. 805) extend the rule of the statute to notices or forms of process not issuing from a court, they do not have our approval.

Petitioners suggest that the use of a notice of motion as a substitute for a summons is forbidden by Rule 14 adopted by the District Court for the Eastern District of Virginia. The same objection was adequately answered in *Eley* v. *Gamble, supra,* pp. 173, 174. If the rule has such a meaning it is inconsistent with the Conformity Act which governs practice in the district courts, "any rule of court to the contrary notwithstanding."

The judgment is

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.