## JARVIS v. SUN CHEMICAL CORPORATION et al.

District Court, S. D. New York.

April 10, 1947.

Corcoran & Kostelanetz, of New York City, for plaintiff.

Dunnington, Bartholow & Miller, of New York City, for defendants Sun Chemical Corporation, Albin K. Schoepf, Aaron C. Horn, and A. C. Horn Co.

GODDARD, District Judge.

This is a motion by the defendants prior to answer to dismiss the complaint for failure of the plaintiff to join an allegedly indispensable party.

The action was brought by the plaintiff to recover from the defendants an alleged brokerage commission in connection with the acquisition by the defendant, Sun Chemical Corporation, of the assets of the defendant, A. C. Horn Company.

The defendants assert that the correspondence set forth in the moving affidavit of an officer of Sun Chemical Corporation, conclusively shows that one Wales and the plaintiff were associated as joint adventurers to the extent that their efforts were directed to the transaction alleged as the basis for the complaint.

The affidavit of the plaintiff denies that they were joint adventurers and asserts that he made arrangements to compensate Wales out of any commissions collected by him and that they both worked independently of each other.

The correspondence incorporated in and attached to the moving affidavit does show that the plaintiff and Wales, when writing to their respective parties, did refer to one another as associates and did often use the collective "we."

However, neither the correspondence nor the affidavit show the existence of any agreement between Wales and the plaintiff to share the profits of the venture. The existence of such an agreement, either expressed or implied, is an essential ingredient of a joint adventure. Mariani v. Summers, Sup., 52 N.Y.S.2d 750, affirmed 269 App.Div. 840, 56 N.Y.S. 2d 537; Haxton & Son v. Rich, 267 App. Div. 492, 47 N.Y.S.2d 501; Harris v. Morse, D.C., 54 F.2d 109; Chisholm v. Gilmer, 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 63. The mere fact that parties assist each other in a certain undertaking does not make them joint adventurers in the absence of an expressed or implied agreement to share in the profits as such. Chapman v. Dwyer, 2 Cir., 40 F.2d 468.

The papers seem to indicate that both plaintiff and Wales each claim a full commission for the same transaction. Under such circumstance Mr. Wales may be a necessary party as contemplated by Rule 19(b) of the Federal Rules of Civil Procedure. However, failure to join him does not call for a dismissal of the complaint. Greenleaf v. Safeway Trails, 2 Cir., 140 F.2d 889, but rather that the parties be permitted to proceed in accordance with Rule 19(b), 28 U.S.C.A. following section 723c.

The defendants' motion is accordingly denied with leave, upon proper showing, to seek the relief afforded by Rule 19(b).

Settle order on notice.