**James MORROW, Jr., Appellant,**

**v.**

**Waldo SPIESS and Modrall, Seymour, Sperling, Roehl & Harris, Appellees.**

**No. 7900.**

United States Court of Appeals
Tenth Circuit.

Aug. 19, 1965.

Joseph C. Ryan, Albuquerque, N. M. (Hannett, Hannett & Cornish, Albuquerque, N. M., were with him on the brief), for appellant.

Bryan G. Johnson, Albuquerque, N. M. (Iden & Johnson, Albuquerque, N. M., were with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this dispute over attorneys' fees the district court gave appellees (the attorneys) summary judgment for $16,526 against Morrow (the client) and he has appealed.

The client hired the attorneys to represent him in a dispute arising out of a contract for the purchase by him of New Mexico ranch properties from one Westbrook. The sale was not completed because of title defects. The client desired to recover a $5,000 option payment made by him, to defeat a claim asserted by Westbrook because of the client's failure to complete the purchase, and to obtain damages because of Westbrook's breach of contract. The letter agreement between the attorneys and the client contemplated an action by Westbrook against the client and the assertion of a counterclaim by the client. Because this did not occur, the client through the attorneys sued Westbrook. The case was settled by an agreement which provided among other things that the cause should be dismissed with prejudice and that if the ranch was sold within a designated period for more than $12 per acre the client and Westbrook would split equally the purchase price above that figure. The ranch was sold for $15 per acre and the client received about $50,000 under the settlement agreement. The attorneys claim a contingent fee of one-third of the amount so received.

The fee agreement between the client and the attorneys provided for a $2,500 "guaranteed fee" and for a contingent fee of one-third "on any recovery effected on the counterclaim."

On September 21, 1962, after the dismissal of the suit, one of the attorneys wrote the client that:

"I believe this concludes the matter insofar as our office and Waldo

Spiess are concerned and we therefore enclose the statement for our services. You will recall that I told you originally our minimum fee would be $2500 plus a contingency of whatever you were able to recover from Westbrook. Since the case was settled, Waldo Spiess and I got together and computed the time we have both spent in working on your case and have simply billed you on a time basis which is the reason our fee is below the $2500 minimum we had originally set."

After the sale of the ranch in the summer of 1963 the attorneys filed in the original suit by the client against Westbrook (No. 4983) a petition for a charging lien on the sale proceeds belonging to the client. The client responded to a show cause order and voluntarily paid $19,000 into the registry of the court. Both sides moved for summary judgment. Judge Payne found for the attorneys and gave them judgment for a stipulated sum. The client then by motion attacked the jurisdiction of the court on the ground that the voluntary dismissal deprived the court of jurisdiction to entertain any supplementary or dependent proceeding in the cause.[1] The motion was heard by Judge Howard Bratton who, to eliminate the jurisdictional problem, ordered all papers in No. 4983 pertaining to the attorneys' claim against the client to be transferred to and filed as a new case (No. 5717) and a new docket fee to be paid. An amendment to allege diversity jurisdiction was permitted and appropriate action was taken to show that the $19,000 deposit was held under No. 5717. Thereafter, Judge Bratton on the basis of the findings and conclusions of Judge Payne in No. 4983 gave summary judgment to the attorneys in No. 5717.

■ The client insists that the court was without jurisdiction because of the voluntary dismissal. The attorneys do not deny that because of the dismissal they were not entitled to a charging lien in No. 4983. They say that No. 5717 is a separate action for the recovery of their fee; and was properly, if unusually, begun by the transfer from No. 4983 with the payment of a docket fee and an amendment to show jurisdiction. We agree. The method of bringing a suit presents no jurisdictional or constitutional problem if the requirements of due process are satisfied.[2] No question of the jurisdiction of the court over the client is raised.

■ The grant of summary judgment was improper because the case presents genuine issues as to material facts.[3] By pleadings, affidavit, and deposition the client asserts reliance on the September 21, 1962, letter to him from the attorneys in closing the 1963 transaction which produced the $50,000. The attorneys say that he could not have so relied because at the time he knew they were claiming the contingent fee. The record does not show that the client knew they were claiming the entire one-third but instead indicates that the client was told he owed "more" and was asked to come into the office to discuss the matter. Further, the client says that he would have taken a different course of action but for his reliance on the clear purport of the letter. A dispute exists as to whether the client relied on the letter, how he relied, and what detriment, if any, he suffered. These factual issues must be resolved by the trial court before the estoppel issue

---

1. See A. B. Dick Co. v. Marr, 2 Cir., 197 F.2d 498, 502, certiorari denied 344 U.S. 878, 73 S.Ct. 169, 97 L.Ed. 680, and Bryan v. Smith, 7 Cir., 174 F.2d 212, 215.

2. See Chisholm v. Gilmer, 299 U.S. 99, 102, 57 S.Ct. 65, 81 L.Ed. 63, rehearing denied 299 U.S. 623, 57 S.Ct. 229, 81 L.Ed. 458; Hackner v. Guaranty Trust Co., 2 Cir., 117 F.2d 95, 98, certiorari denied 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520; and Pioche Mines Consol., Inc., v. Dolman, 9 Cir., 333 F.2d 257, 265, certiorari denied 380 U.S. 956, 85 S.Ct. 1082, 13 L.Ed.2d 972.

3. Rule 56(c), F.R.Civ.P., Lopez v. Denver & R. G. W. R. R., 10 Cir., 277 F.2d 830, 832, and cases cited in United States v. Kansas Gas and Elec., 10 Cir., 287 F.2d 601, 602, note 1.

·can be determined. The court of appeals does not try the facts.[4]

The client insists that the $50,000 was ·produced by the work which he and West- brook did to promote and effectuate the sale. The attorneys say that the sum ·was the result of the settlement. Here .again we need a resolution of the facts. ·The New Mexico courts have not decided ·whether an attorney is entitled to a con- tingent fee out of a settlement recovery ·when the fee contract says nothing about .settlement. The record before us fur- nishes no adequate basis for deciding ·the question in this case. The settle- ment agreement merely permitted the .sale. It did not make the sale.

We are convinced that the client is entitled to a trial on the merits. Nothing said herein is intended as any indication ·by us of the decisions which should be ·reached in such trial.

Reversed and remanded for trial.

---

4. Barnard-Curtis Co. v. United States ex rel. D. W. Falls Constr. Co., 10 Cir., 244 F.2d 565, 567.