242 So.2d 207 (1970)
Joe K. BERKAN, Appellant,
v.
Aaron BROWN, Nathan Katz, Florence Weisberg and Samuel Kaye, Appellees.
No. 69-909.
District Court of Appeal of Florida, Third District.
December 1, 1970.
Rehearing Denied December 18, 1970.
*208 Joseph Pardo, Miami, for appellant.
Daniel Neal Heller, Miami, for appellees.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
The primary question on appeal is whether the trial court was correct in granting summary judgment against a counter plaintiff alleging conspiracy in the commission of a civil wrong.
Plaintiff-appellees (Brown, Katz and Weisberg) and defendant-appellant (Berkan) operated Dubrow's Cafeteria. In September, 1965, the parties sold their interest in the cafeteria, as a result of which each became tenants in common of 25% interest in notes secured by a chattel mortgage on the cafeteria accouterments and in an assignment of the tenant's lease. The purchaser discontinued the operation of the cafeteria and defaulted on rent and note payments due September 1, 1967.
Brown, Katz, Weisberg and Berkan discussed reopening a restaurant business on *209 the premises, but Berkan apparently elected not to participate. Meanwhile, the appellees paid the rent and foreclosed their mortgage, but since the appellant also refused to fulfill his promise of pro rata rent and legal fee contributions, the appellees brought the instant suit. On default of the October 1967 rent, the co-tenants were evicted, and only at a later time did the appellees (with Katz) form a new corporation which obtained a new lease on the same premises and began to operate a different cafeteria.
The appellant, in his counterclaim and appeal, would characterize the former mutual relationship as a joint venture in which the fiduciary relationship owed him was breached by a conspiracy to deprive him of an interest in the valuable Lincoln Road lease.
Ultimately, the circuit court granted summary judgment to plaintiff-appellees on the counterclaim of defendant-appellant, Berkan, which later became final. (See Berkan v. Brown, Fla.App. 1970, 231 So.2d 871, denying motion to dismiss appeal.)
We assume, but do not decide, that the issue of the joint venture was properly raised below, in view of the modern liberality in pleading facts. Nevertheless, we find that the trial court was correct in granting summary judgment against counter-plaintiff.
The existence of a joint venture can be dismissed, as there was no showing of equal share in control and management of the enterprise. See: Chisholm v. Gilmer, 81 F.2d 120, 124 (4th Cir., 1936), affirmed on procedural grounds, 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 63, reh. den. 299 U.S. 623, 57 S.Ct. 229, 81 L.Ed. 458. There could be no joint venture for the further reason that there was lack of agreement to participate in any loss. Albert Pack Corporation v. Fickling Properties, Inc., 146 Fla. 362, 200 So. 907. There was a failure to establish a contract or existence of a combination between them. See: Bowmaster v. Carroll, 23 F.2d 825, 827 (8th Cir., 1928).
Similarly, the allegation of illegal action can be dismissed. Berkan testified on deposition that he did not pay his share of the September through November rent as he had agreed; that he refused to give a definitive answer on joining in the opening of a new cafeteria, finally refused to participate in that business, and actively contested the eviction suit. Under these circumstances, the governing law establishes that the appellees have acted lawfully. Between co-obligors, when one of them pays more than his proportionate share of the debt owed by both, he is entitled to a contribution from the other, even to the extent of establishing an equitable lien. Meckler v. Weiss, Fla., 80 So.2d 608. However, the co-tenant who advances payment cannot deprive the delinquent co-tenant of the right to elect to give up the land rather than to pay. "Contribution, subrogation, and similar rights, as between co-tenants, where one pays the other's share of sum owing on mortgage or other lien," 48 A.L.R.2d 1305, 1336. A co-tenant who desires to participate in the benefits acquired by his co-tenants must, within a reasonable time after demand, offer to contribute his portion of the costs thereof, otherwise, he will be deemed to have repudiated the transaction. 20 Am.Jur.2d "Co-tenancy" § 76, pp. 175-176. Here, however, nothing surreptitious was occurring for, inter alia, Berkan was personally served in and actively contested the eviction proceedings and was advised of pending negotiations with Kaye, and Berkan had knowledge that acquisition was not being made in support of common title.
We have considered all points raised and concluded that no reversible error has been demonstrated.
Affirmed.
BARKDULL, J., concurs in the judgment.