GILLESPIE, Chief Justice
(dissenting):
The majority decided this case as if it were merely a suit to recover for labor and material furnished in the construction of the store building. This is understandable in view of the lack of suitable verbiage in the bill of complaint, but, in my opinion, the majority has reached the wrong result when substance rather than form is considered. Moreover, if the facts averred are true, the majority decision is manifestly unjust.
I propose to demonstrate in this dissent that (1) the facts stated in the bill of complaint stated a classic case of a joint venture, which necessarily meant that the relationship between complainant and defendant was fiduciary in character, (2) the property and funds dedicated to the accomplishment of the purposes of the enterprise belonged to both co-venturers, even though the title to the land was in only one, (3) the three-year statute of limitations is not applicable, and (4) that substance, not technical form, is to be considered in determining whether the bill of complaint reveals enough to show equitable merit.
1.
The facts that must be present to constitute a joint venture are succinctly stated in 46 Am.Jur.2d, Joint ventures section 7 (1969), as follows:
It may be stated in general terms that the relation of joint venturers is created where two or more persons combine their money, property, or time in the conduct of some particular line of trade, or for some particular business deal, agreeing to share jointly, or in proportion to the capital contributed, in the profits and losses, assuming that the circumstances do not establish a technical partnership.
This Court stated in the leading case of Sample v. Romine, 193 Miss. 706, 8 So.2d 257 (1942):
A joint adventure has been broadly defined as an enterprise undertaken by several persons jointly, and, more particularly, as an association of two or more persons to carry out a single business enterprise for profit ... an association of persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge. In Simpson v. Richmond Worsted Spinning Co., 128 Me. 22, 145 A. 250, 253, the Court said a “joint adventure” has been defined as an ‘association of two or more persons to carry out a single business enterprise for profit.’ ... A federal court said “ ‘Joint adventure’ exists when two or more persons combine in joint business enterprise for their mutual benefit with understanding that they are to share in profits or losses and that each is to have voice in its management.” Chisholm v. Gilmer, 4 Cir., 81 F.2d 120, 121, affirmed 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 63, rehearing denied 299 U. S. 623, 57 S.Ct. 229, 81 L.Ed. 458. Other definitions will be found in the notes in 48 A.L.R., beginning at page 1055, and in 63 A.L.R., beginning at page 910.
The contributions may be in money, materials, services — “something promotive of the enterprise.” Simpson v. Richmond Worsted Spinning Co., supra, 193 Miss. at 726, 8 So.2d at 260.
The relationship between complainant and defendant was fiduciary in character.. In Sample v. Romine, supra, the Court said:
The relationship between the joint adventurers is fiduciary in character and *88 imposes upon all the participants the utmost good faith, fairness, and honesty in their dealings with each other as respects the enterprise. “This is especially true of those ... to whom the property involved therein is intrusted.” 30 Am.Jur., page 695, Sec. 34. 193 Miss. at 729, 8 So. 2d at 262.
2.
The property and funds dedicated by the parties to the joint venture belong to the co-venturers even though title to the land was in the name of only one. Again, Sample v. Romine, supra, speaks definitively as follows:
In such cases, although the title to the property is permitted to be taken in the names of some of the co-adventurers, the rights of the others are not impaired thereby, and the one holding the title becomes in equity a trustee for all. The trust thus imposed follows the property until it passes into the hands of innocent bona fide purchasers. 193 Miss. at 729, 8 So.2d at 262.
3.
The three-year statute of limitations does not apply. We have already noted that the property in the name of one co-venturer is held in trust for all co-ventur-ers. The applicable statute is Mississippi Code Annotated section 15-1-39 (1972), which states in pertinent part as follows:
Bills for relief, in case of the existence of a trust not cognizable by the courts of common law and in all other cases not herein provided for, shall be filed within ten years after the cause thereof shall accrue and not after, ....
4.
Substance, not technical form, is to be considered in determining whether the bill of complaint stated a case of joint venture. Mississippi Code Annotated section 11 — 5— 13 (1972) is authority for the foregoing statement. That section states, in pertinent part:
The bill must contain a statement of the facts on which the complainant seeks relief, in ordinary and concise language, without repetition or needless prolixity, and conclude with a prayer for relief.

See also, V. Griffith, Mississippi Chancery Practice sections 170 and 198 (2d ed. 1950).
The remaining question is whether the bill of complaint stated, in substance, facts showing the creation of a joint venture. In sum, these factors must be present: (1) A contract, expressed or implied, written or oral; (2) the contribution by the parties pursuant to the contract, of “money, property, effort, skill, or other assets to a common undertaking”; (3) “a joint property interest in the subject matter of the venture”; (4) an “expectation of profits, or the present of adventure,” and (5) a limitation of the objective to a single undertaking or ad hoc enterprise.” Romine v. Sample, supra; 46 Am.Jur.2d, Joint Ventures, §§ 7 and 8 (1969).
1. The contract. The bill of complaint states that defendant “entered into an oral contract with complainant wherein the defendant agreed to deed to complainant an undivided one-half interest in one acre of land owned by defendant and included in the above described property for the consideration of the complainant’s constructing a building approximately 32 feet by 100 feet upon said one acre plot. In said building the defendant was to locate a grocery store in one-half and complainant was to locate a laundromat and restaurant in the other half.” Record 3-4.
2. The contribution of the parties. The bill of complaint states:
After the contract was entered into, complainant secured various workmen to level the lot and construct the aforemen *89 tioned building. Complainant and defendant consulted during the various stages of construction and defendant worked with the complainant in overseeing said construction. All the time defendant was leading complainant to believe by words and deeds that defendant was getting the one acre of land on which the building was being constructed released from a deed of trust to the Bank of Mississippi and was having a warranty deed prepared making complainant the owner of an undivided one-half interest in and to said one acre of land the improvements thereon.
3. Joint interest in the enterprise. The bill states that the land on which the building was located was to be jointly owned by defendant deeding complainant a half interest therein. The parties would then have a joint property interest in the subject matter of the venture — a building wherein each party would operate a business, and they did so operate until defendant f orceably ousted complainant.
4. An expectation of profits. The bill clearly shows that the parties each expected to profit from the venture by using the property acquired for operating their businesses. The bill of complaint states:
Following the completion of the building, defendant opened a grocery store in one side of the building and complainant opened a laundrymat [sic] in the other side. Complainant, after consulting with the defendant, and with his consent, decided not to install a restaurant in the remaining part of the building because such installation of a restaurant would cause the fire insurance on the entire building to be much higher than if the restaurant were not installed.
5. A limitation of the venture to a single enterprise. The bill of complaint shows that the only objective of the joint venture was to acquire a building wherein each party would operate his own business.
I am at a loss to see how it can be said that the parties to this suit did not create a joint venture. The complainant should not be denied the right to have his case heard simply because the bill of complaint failed to use the technical words associated with charging the creation of a joint venture. The prayer of the bill of complaint contains the following:
And if complainant has not prayed for the specific relief to which he is entitled, then he prays for such other, further, and more specific relief as the Court may seem mete and proper.
The prayer was sufficient to not only allow the court to grant relief, but it was of such nature so as to require the court to grant any relief not inconsistent with the bill of complaint. Dodge v. Evans, 43 Miss. 570 (1870).
RODGERS, P. J., and INZER and WALKER, J J., join in this dissent.